Charles G. Tierney, J.
Motions under calendar numbers 6, 7 and 55 of May 7, 1976, are consolidated for disposition.
Plaintiffs move for an order pursuant to CPLR 902 determining that the instant action may be maintained as a class action. Defendants have cross-moved to dismiss the complaint insofar as it purports to allege a class action.
Plaintiffs, and the class they seek to represent, bring the action to recover actual and punitive damages based upon allegations of conspiracy, fraudulent misrepresentation and breach of contract in connection with the sale of travel tours to a Jamaican resort. The class comprises approximately 400 persons who participated in three separate charter tours during the period December 22, 1975-January 12, 1976. Included among the defendants are the owners of the resort, their exclusive marketing agent, and various travel tour wholesalers and retailers which solicited the plaintiffs.
In determining whether class action status should be granted, the court is governed by the criteria enumerated in recently enacted CPLR article 9. Analysis of all relevant factors persuades the court that a class action suit will best serve the interests of judicial economy and that it "is superior to other available methods for the fair and efficient adjudication of the controversy” (CPLR 901, subd a, par 5). Apparently, no other lawsuits arising out of the actions complained of have been commenced, suggesting that class action relief may well be necessary to vindicate the rights of members of the class, whose individual claims are otherwise too small (under $500) to warrant independent litigation against the impressive legal strength of the defendants. In view of the size of the class, joinder of all members is impracticable (CPLR 901, subd a, par 1).
Furthermore, and perhaps most importantly, there are preponderant questions of law and fact sufficiently similar so that adjudication by representation will be appropriate (CPLR 901, subd a, par 2). Defendants have correctly argued that New York case law has traditionally frowned upon class action suits involving claims of fraud and misrepresentation (see,
*699 e.g., Ballen v Storch Int. Asti Tours, 46 AD2d 643). However, this line of cases predates the passage of article 9, which was expressly intended to liberalize the overly restrictive view of class actions under the predecessor statute (CPLR 1005) (see Moore v Metropolitan Life Ins. Co., 33 NY2d 304, 313). The circumstances of this case, involving a cohesive and finite group of similarly situated vacationers, who relied upon essentially identical representations in advertising matter, are amenable to class action treatment. That there may also exist individual questions, with regard to reliance and damages, is not dispositive; the determination in each case rests upon "whether the group is more bound together by a mutual interest in the settlement of common questions than it is divided by the individual members’ interest in matters peculiar to them” (2 Weinstein-Korn-Miller, NY Civ Prac, par 901.08). In the light of the manifest legislative purpose to expand the utilization of the class action device to encompass modern claims for relief, such as claims associated with the violation of consumer rights (see Twentieth Ann Report of NY Judicial Conference, 1975), the instant application for class action status should be, and is, granted.
Defendants have urged that if class action relief is given, it be limited to the members of the one tour in which the named plaintiffs all participated. However, examination of the documentation and protest letters submitted by plaintiffs satisfies the court that the members of all three tours share a common legal grievance, and should be permitted to join the class.
Plaintiffs’ motion is granted and defendants’ cross motion is denied. Direct notice of the pendency of the action shall be given by first-class mail to all members of the class who can be identified through reasonable effort. The notice shall be in the form proposed in plaintiff’s moving papers, as modified herein. The quantum of damages sought in the action shall be deleted from the notice. The notice shall limit and define eligible members of the class to participants in the charter tours which commenced in December 22, 1975, December 29, 1975, and January 6, 1976. The notice shall state that the court has made no determination of the merits of the action. The notice shall give class members a reasonable opportunity to exercise their option to request exclusion from the action.
[Additional material omitted from publication.]