Michael KANTOR, Mildred Dupack and Samuel Reiken on behalf of themselves and all others similarly situated, Plaintiffs,

v.

Alfred KAHN, the Civil Aeronautics Board and the United States of America, Defendants.

No. 78 CIV 4271.

United States District Court,
S. D. New York.

Jan. 16, 1979.

Thomas A. Dickerson, New York City, for plaintiffs.

Robert B. Fiske, Jr., U. S. Atty., S.D. N.Y., New York City, for defendants; Marjorie A. Silver, Special Asst. U. S. Atty., of counsel.

## OPINION

SAND, District Judge.

This class action, brought by three named plaintiffs to recover damages under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 et seq., alleges that the Civil Aeronautics Board ("CAB") failed to regulate Nationwide Leisure Corporation ("Nationwide"), a charter tour group. Named in the complaint as defendants are Alfred Kahn, CAB, and the United States.[1]

Defendants move to dismiss on two grounds. First, defendants contend that plaintiffs failed to comply with the administrative requirements of the FTCA. Second, defendants argue that plaintiff failed to state a claim upon which relief can be granted because the actions complained of are exempted from FTCA by 28 U.S.C. § 2680(a).[2] Because we find that this Court lacks subject matter jurisdiction, we do not reach the question whether the complaint fails to state a claim upon which relief could be granted.

### Administrative Claim Requirements

Since the 1966 amendments to 28 U.S.C. § 2675, any person having a damage claim against the United States must first present his claim to the appropriate federal agency and await a final denial before instituting a court proceeding.[3] Proper presentation of the claim to the appropriate agency is a prerequisite to any later court action. Although the Second Circuit has not ruled on the issue,[4] other circuits have held that compliance with § 2675(a) is a jurisdictional

1. Under 28 U.S.C. §§ 2674 and 2679, the CAB may *not* be sued. The action must also be dismissed against Alfred Kahn. Contrary to plaintiffs' assertion, Alfred Kahn is no longer Chairman of the CAB. According to the Marshall's return, Mr. Kahn was not personally served.

2. This section provides:
"The provisions of this chapter and section 1346(b) of this title shall not apply to—
(a) Any claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused."

3. Section 2675(a) states:
"An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section. The provisions of this subsection shall not apply to such claims as may be asserted under the Federal Rules of Civil Procedure by third party complaint, cross-claim or, counterclaim."

4. In *Kelley v. United States*, 568 F.2d 259 (1978), the Second Circuit was faced with the question whether, in a removed tort action, a plaintiff must prove that he presented a claim to the Government in compliance with § 2675(a). In affirming the district court's denial of the Government's motion to dismiss for failure to comply with § 2675(a), the Second Circuit stated that no jurisdictional questions were involved:
"No questions of immunity or jurisdiction are genuinely involved. The Congress in setting up the tort claims procedure, now embodied in Chapter 171 of Title 28, waived the sovereign immunity of the United States except for those classes of cases listed in Section 2680. . . . That the Act ends the immunity defense does not furnish a ground for niggardly interpretation of the Act." 568 F.2d at 262.
However, the facts of *Kelley* are somewhat unique. In that personal injury action, plaintiffs were unaware that the defendant driver was a government employee. When defendant's counsel advised the Government two years after the accident that it was responsible for the accident, the Government removed the action to federal court. The Government sub-

requirement which may not be waived. *See House v. Mine Safety Appliances Co.*, 573 F.2d 609, 614 (9th. Cir. 1978); *Lunsford v. United States*, 570 F.2d 221 (8th Cir. 1977); *Molinar v. United States*, 515 F.2d 246, 249 (5th Cir. 1975); *Executive Jet Aviation, Inc. v. United States*, 507 F.2d 508 (6th Cir. 1974); *Best Bearings Co. v. United States*, 463 F.2d 1177, 1179 (7th Cir. 1972); *Bialowas v. United States*, 443 F.2d 1047 (3d Cir. 1971).

### Application to the Class

Plaintiffs argue that the administrative claim filed on behalf of their class is sufficient to fulfill the requirements of § 2675. The Government, on the other hand, argues that plaintiffs' Notice of Claim filed with the CAB is fatally defective for several reasons: it fails to name all the claimants; it does not state that the named claimants have the authority to present and settle claims of those who are unnamed; it fails to provide a specific statement of damages for each claimant.

Plaintiffs' Notice of Claim was filed "[o]n behalf of those consumers identified in Schedule A, the classes of consumers which they represent as identified in Schedule B, and all others similarly situated." Schedule A identifies fourteen individuals, three of whom are the named plaintiffs in this action. Schedule B describes four state court class actions brought on behalf of all consumers who purchased various charter tours. According to the description of these actions, there are approximately 55,000 consumers in the four classes. The notice also states that the "claim of aggrieved consumers may be as large as 500,000 consumers and this notice of claim is on their behalf as well." Finally, the notice demands $50,000,000. in damages.

The FTCA regulations clearly require that:

"A claim for personal injury may be presented by the injured person, his duly authorized agent, or legal representative."

.    .    .    .    .

"A claim presented by an agent or legal representative shall be presented in the name of the claimant, be signed by the agent or legal representative, show the title or legal capacity of the person signing, and be accompanied by evidence of his authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian, or other representative." 28 C.F.R. § 14.3(b) and (c).

Plaintiffs contend that they have fulfilled these requirements because the named claimants or their attorney had authority to claim or settle on behalf of the forty thousand consumers represented by the named plaintiffs in this action.

Although neither the FTCA nor the regulations promulgated thereunder make provision for the filing of administrative claims against the United States on behalf of a class of similarly situated individuals, plaintiffs contend that a class action is maintainable under the FTCA. *See Lunsford v. United States*, 570 F.2d 221 (8th Cir. 1977); *Commonwealth of Pennsylvania v. National Association of Flood Insurers*, 520 F.2d 11 (3rd Cir. 1975) [a class action is maintainable if "each claimant . . . [submits] an independent and separate claim to the appropriate administrative agency for review and possible settlement."]; *Founding Church of Scientology v. F.B.I.*, 459 F.Supp. 748 (D.D.C.1978). At argument of this motion, plaintiffs' counsel admitted, however, that there has never been a *successful* class action filing under the FTCA.

■ Even assuming that a class action is permissible, such an action must still fulfill the specific requirements of the administrative regulations. In *Lunsford v. United States, supra*, the Eighth Circuit outlined the criteria for filing a class action suit against the United States:

"[A] class action can be maintained under the FTCA if each of the claimants have individually satisfied all of the juris-

sequently moved for an order dismissing the action because plaintiffs failed to file an admin-

istrative claim. In such a situation, the court stated that § 2675 does not apply.

dictional requirements. A class action can also be maintained if a class claim has been filed which names the individual claimants, asserts and establishes the authority of the named claimant (or claimants) to present claims on behalf of the unnamed class members, states the total amount of the claim for the entire class and otherwise satisfies the jurisdictional requirements." 570 F.2d at 227.

Plaintiffs do not contend that they satisfied the first alternative: members of the class did not file individual claims. For the reasons set out below, we conclude that they did not satisfy the requirements of the second alternative.

Although the Notice of Claim describes the members of the class, the Government contends that this is insufficient because the individual names are not listed. In response, the plaintiffs contend that the CAB regulations require that the name of each passenger on a charter tour be filed with it.[5] At oral argument on this motion, plaintiffs' counsel explained that, pursuant to a request filed under the Freedom of Information Act, he obtained from the CAB a list of all Nationwide passengers with the names redacted. Thus, plaintiffs argue that the Government could have culled the names of the approximately 40,000 claimants from the CAB files if it needed them.

■ We find unsatisfactory plaintiffs' contention that they need not provide the names of the individual claimants because, through a cumbersome process, the Government could track down the identity of the claimants. If the claim form is to achieve the intended purpose of giving the agency a chance to conduct meaningful settlement negotiations prior to litigation,[6] the agency must be given all necessary data. The burden is on the claimant to supply this information.

Moreover, the purpose of facilitating settlement cannot be achieved unless the representative has authority to act on behalf of the class and this authority is clearly spelled out in the Notice of Claim. In the instant action, the Notice of Claim was filed by Thomas A. Dickerson, who serves as the attorney in the state court actions as well as in this action. According to his affidavit submitted in opposition to the motion, "[t]he plaintiffs' authority is based upon their declared status as representatives of the classes of consumers which they seek to represent." Although we note that the classes were not certified at the time the Notice of Claim was filed,[7] plaintiffs contend that this does not matter:

". . . until proven otherwise as the result of a conclusive determination that the action can not be maintained as class actions, the plaintiffs have the power and authority to make a claim on behalf of the members of the three consumer class actions in question. . . .
In essence, once a party declares himself to be a class action representative he then has authority to represent members of the putative class prior to class action certification. Such is the case since settlements of claims prior to class action certification can only be made with Court approval." Plaintiffs' brief at 16.

■ We find this reasoning misconstrues the issue. Plaintiffs' authority is predicated on state court proceedings in which the United States is not a party. Although a representative may settle a claim prior to class certification with court approval, this does not mean that a representative in a state action has authority to act as an agent of a purported class in a federal action brought under the FTCA. Thus, we conclude that under the facts outlined in the Notice of Claim, plaintiffs were not authorized to act as a representative of the 40,000

---

5. According to plaintiffs, § 378a.25 of the special Regulations of the CAB states:

"File with the Board . . . (a list) setting forth the name of each passenger . . . his or her address and telephone number and the name, address, and telephone number of the travel agent who sold the tour. . . ."

6. S.Rep.No.1327, 89th Cong., 2d Sess. (1966), U.S.Code Cong. & Admin.News, p. 2516.

7. The papers do not indicate whether these actions have been certified to date.

1164

consumers on whose behalf this action was filed. Because there is no other basis of authority asserted in the Notice of Claim, we find that the claim requirements of 14 C.F.R. § 14(e) have not been met.

Similarly, plaintiffs have not met the requirement that the Notice of Claim state a claim for money damages in a sum certain. As stated above, the Notice of Claim demands $50,000,000 on behalf of "as many as 500,000 consumers." Plaintiffs contend that this meets the requirement of the regulations because the CAB could have determined the amount of the class claim in this action by simple arithmetic: a demand for $50,000,000 on behalf of 500,000 consumers equates to $100 a consumer. Because there are 40,000 consumers in this action, the class demand is $400,000.

We do not find that this meets the sum certain requirement. There is nothing in the Notice of Claim which indicates that each consumer suffered the same damage. Rather, plaintiffs' allege in their complaint that members of the class participated in various tours offered by Nationwide. Moreover, a similar argument was rejected by the Ninth Circuit in *House v. Mine Safety Appliances Co.*, 573 F.2d 609 (1978). In that case, plaintiffs attempted to argue that because each of the families listed on the Notice of Claim claimed $1,000,000 in damages, it should have been clear that those families who attempted to incorporate by reference this Notice of Claim also intended to claim $1,000,000 in damages. In rejecting this argument, the Ninth Circuit stated:

". . . we are unable to agree with appellants that incorporation of the Notice of Claim supplies 'a claim for money damages in a sum certain' as required by 28 C.F.R. § 14.2(A). This requirement has been strictly enforced by the courts.

. . . . .

Damages properly reflect an individualized determination of losses suffered. Families in differing economic circumstances would be expected to suffer differing damages for the wrongful death of the breadwinner. The mere fact that all the families listed on the Notice of Claim demanded $1,000,000 does not mean that all other families who later choose to file claims would also claim a similar amount. To constitute 'a claim for money damages in a sum certain' either the document incorporating another or the incorporated document must set forth a sum certain claim of damages *explicitly* applicable to the claimant or group of claimants." 573 F.2d at 615. [Emphasis in original].

Because this action must be dismissed on jurisdictional grounds, we do not reach the broader question of whether a class action could ever be brought under the FTCA. We do note, however, that it is at least theoretically possible for a class action to be certified by a state or federal court within the FTCA period of limitations. Further, the class representative could obtain from the class members either by virtue of a mailing or other means, authorization for a FTCA filing as well as identification of the claimants and the amount of their individual claims. This case, however, does not present the question of the validity of such a filing.

### Application to the Named Plaintiff

Besides the class claims, we also find that the named plaintiffs' claim is defective for the same reason: lack of specificity in the statement of damages. *See Caidin v. United States*, 564 F.2d 284, 287 (9th Cir. 1977).

### Conclusion

■ We hold that the named claimants and the class which they purport to represent have failed to satisfy the nonwaivable jurisdictional prerequisites to the filing of an action against the United States. Accordingly, their claim is barred by sovereign immunity.

SO ORDERED.