242

Leah LURIA and Buck Luria on Behalf of themselves and all others similarly situated, Plaintiffs,

v.

CIVIL AERONAUTICS BOARD and the United States of America, Defendants.

No. 78 Civ. 5823.

United States District Court, S. D. New York.

July 6, 1979.

Thomas A. Dickerson, New York City, for plaintiffs.

Robert B. Fiske, Jr., U. S. Atty., S.D. N.Y., New York City, for C. A. B.; David

M. Jones, Asst. U. S. Atty., New York City, Kay O. Curry, Staff Atty., C. A. B., Washington, D. C., of counsel.

LASKER, District Judge.

Leah and Buck Luria, suing on behalf of themselves and 217 others who purchased One-Stop-Inclusive-Tour-Charters (OTCs) to resorts in Jamaica, West Indies from Diamond Tours & Travel, Inc. (Diamond), seek $500,000. in damages under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2401(b), 2671 et seq., from the Civil Aeronautics Board (CAB)[1] and the United States.

The government moves in the alternative (1) to dismiss the complaint for lack of subject matter jurisdiction under Rule 12(b)(1), Fed.R.Civ.P. on the ground that the Lurias have not satisfied the jurisdictional prerequisite under the FTCA of filing a valid administrative claim prior to bringing this action, see 28 U.S.C. § 2675(a),[2] or (2) for summary judgment under Rule 56, Fed.R.Civ.P., on the ground that the CAB action complained of was a "discretionary function," which cannot be the basis for a claim under the FTCA, 28 U.S.C. § 2680(a).[3] Although the Lurias maintain that their Notice of Claim to the CAB was sufficient to give this court jurisdiction, they cross-move for leave to file a valid administrative claim in the event the court disagrees. For the reasons given below the government's motion to dismiss is granted and the Lurias' cross-motion is denied.

In October, 1975, Diamond filed with the CAB a One-Stop-Inclusive-Tour-Charter-Operator's Surety Bond issued by Pacific Employers' Insurance Co. (Pacific) in connection with Diamond's application to market OTCs to resorts in Jamaica, West Indies during December, 1975 and January, 1976.

The Lurias went on the charter tour but contrary to what Diamond had led them to believe through its advertising brochures, they discovered that the resort was not "ideally" located but was five miles from the ocean, and that their accommodations lacked proper bedding, hot water and operable toilet facilities and contained insects and rodents. In addition, the food was inedible and except for an unclean pool and a single, undersized tennis court, the resort had no facilities for any of the activities promised in its brochures. The Lurias left and purchased accommodations elsewhere in Jamaica.

When they returned they sued Diamond in state court for breach of contract and for fraudulent misrepresentation. The action was certified as a class action, and the Lurias, along with Thomas Guadagno, Arlene Guadagno and Karen Moriarty, became the class representatives, Guadagno v. Diamond Tours & Travel, Inc., 89 Misc.2d 697, 392 N.Y.S.2d 783 (Sup.Ct.1976). On May 7, 1977, the class won summary judgment on its claim for breach of contract.

In January, 1976 the CAB received from Karen Moriarty and from counsel for the Guadagno class, Shea, Gould, Climenko, Kramer and Casey, copies of letters they had sent notifying Pacific that plaintiffs

1. The CAB must be dismissed as a defendant because liability under the FTCA does not run against the government's agencies, 28 U.S.C. § 2679(a), but only against the United States, 28 U.S.C. §§ 1346(b), 2674. Kantor v. Kahn, 463 F.Supp. 1160, 1161 n.1 (S.D.N.Y.1979).

2. That section provides in part:

"(a) An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail."

3. The section provides:

"The provisions of this chapter and section 1346(b) of this title shall not apply to—
(a) Any claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employ-

intended to satisfy their claims in the *Guadagno* litigation against the full amount of the bond.[4] On February 24, 1976 the CAB permitted Pacific to reissue the bond in connection with Diamond's plans to market new OTCs.

In this litigation plaintiffs allege (1) that receipt of these notices by the CAB in January, 1976 created a duty on its part to investigate the matter and to secure the bond for the benefit of the *Guadagno* plaintiffs by preventing its reissuance, and (2) that the CAB negligently breached this duty by ignoring the notices and permitting Pacific to reissue the bond on February 24, 1976. Plaintiffs claim that when Diamond defaulted on its obligations to the purchasers of its new charters the bond became subject to others' claims as well as their own, and that plaintiffs suffered injury when they settled two California interpleader actions brought by Pacific for $75,000. instead of recovering the full face amount of the bond.

On February 8, 1978, within two years after the claim accrued, *see* 28 U.S.C. § 2401(b),[5] plaintiffs filed a Notice of Claim with the CAB which stated that it was brought "[o]n behalf of Thomas Guadagno, Arlene Guadagno, Karen Moriarty, Leah Luria and Buck Luria and all others similarly situated," and sought $500,000. in damages. It referred to the *Guadagno* litigation, detailed what the CAB had done with respect to the bond, and was signed "Thomas Dickerson". Appended to the Notice were copies of the *Guadagno* complaint and of the state court decisions certifying the class and granting summary judgment;

a copy of the Pacific surety bond; and copies of the January 1976 letters sent to the CAB, including a list of 107 of the 219 *Guadagno* class members.

■ The government argues that this claim did not satisfy the regulations governing the filing of administrative tort claims. The regulations provide that every FTCA claim presented to an administrative agency under 28 U.S.C. § 2675(a) must specify damages "in a sum certain," 28 C.F.R. § 14.2(a)[6] and require further that any

> "claim presented by an agent or legal representative shall be presented in the name of the claimant, be signed by the agent or legal representative, show the title or legal capacity of the person signing and be accompanied by evidence of his authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian, or other representative."

28 C.F.R. § 14.3(e).

Specifically, the government asserts that the Notice of Claim was defective because (1) it did not specify damages in a sum certain for each claimant; (2) it did not show evidence of plaintiffs' counsel's authority to submit claims on behalf of the named plaintiffs; and (3) it did not show evidence of the named plaintiffs' authority to present claims on behalf of the other members of the purported class.

The court of appeals for the eighth circuit has suggested that even if each class member in a class action under the FTCA has not complied individually with the regulations, a class action still may:

---

ee of the Government, whether or not the discretion involved be abused."

**4.** The CAB's regulations indicate clearly that the bond is for the benefit of the tour participants. See 14 C.F.R. § 378a.31(c); 14 C.F.R. Part 378a, Appendix A.

**5.** This section provides:

"(b) A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or

unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented."

**6.** In *Avril v. United States*, 461 F.2d 1090 (9th Cir. 1972) the court of appeals held that even though 28 C.F.R. § 14.2(a) refers only to 28 U.S.C. § 2672 (administrative adjustment of claims) the requirement that claims be for a sum certain applied also to 28 U.S.C. § 2675(a).

"be maintained if a class claim has been filed which names the individual claimants, asserts and establishes the authority of the named claimant (or claimants) to present claims on behalf of the unnamed class members, states the total amount of the claim for the entire class and otherwise satisfies the jurisdictional requirements."

*Lunsford v. United States,* 570 F.2d 221, 227 (1977), quoted in *Kantor v. Kahn,* 463 F.Supp. 1160, 1162–63 (S.D.N.Y.1979).

Plaintiffs admit that their claim for $500,000. did not demand damages in a sum certain, Affidavit of Thomas A. Dickerson, in Opposition to Motion to Dismiss, dated March 7, 197[9], ¶ 7.[7] To excuse this failure they assert that the correct amount was not known until after Pacific's interpleader actions were settled. They now seek the $125,000. difference between the bond's face amount and the $75,000. settlement, which they have already received. Dickerson Affidavit, ¶¶ 7, 8.[8]

Even were it possible to amend the claim to allege damages in a sum certain (because the limitations period has run out it is not), the Notice of Claim would still be defective because it listed the names of only about half of the purported class, *cf. Kantor v. Kahn, supra,* 463 F.Supp. at 1163 (burden on claimant to supply names of all class members), and because it was not "accompanied by evidence" of the authority either of plaintiffs' counsel to present claims on behalf of the class, or of the named claimants to present claims on behalf of the other class members. Although plaintiffs contend that the state class certification order authorized the Lurias to present FTCA claims on behalf of the class because these claims are "directly related to the *Guadagno* case," Dickerson Affidavit, ¶ 7, by its terms the order did not authorize the Lurias to act as class representatives in all litigation, but only in the state action against Diamond.

Of course a state or federal class action certified within the FTCA period of limitations presents a ready opportunity for the class representatives to identify potential FTCA claimants and the amount of their claims, and to obtain their authorization to file an FTCA administrative claim on their behalf. *See Kantor v. Kahn, supra,* 463 F.Supp. at 1164. However, nothing in the materials accompanying the Notice of Claim that the Lurias filed suggests that any of the "similarly situated" claimants knew of or was notified about the proposed litigation against the CAB, or that any class member authorized the Lurias to submit a claim on his or her behalf. Indeed, although perhaps unlikely, it is nevertheless possible that some class members might not desire to join in a class suit against the United States. Moreover, as Judge Sand remarked in *Kantor v. Kahn, supra,* an administrative agency may be hampered in its attempts to negotiate a settlement unless it knew who the class members were and the amount of damages they are claiming, and to this end it must have evidence of the representative's authority to act for the class clearly set out in the Notice of Claim.

---

7. The papers incorrectly give the date as "1978."

8. It is not clear that this demand is accurate, or that plaintiffs could not have known the correct amount of damages when they filed the Notice of Claim.

CAB regulations provide that "the liability of the surety to any tour participant shall not exceed the participant's tour price," 14 C.F.R. § 378a.31(a), (b)(1), and the prices for Diamond's Jamaica tours ranged from $350. to $480. (Defendants' Rule 9(g) Statement in Support of Motion for Summary Judgment, Exhibit A, *Guadagno* Complaint ¶ 21).

If the basis of the CAB's liability to the plaintiffs is its negligence in failing to assure that the bond was available as a fund from which the class members could satisfy their claims against Diamond, it is difficult to see why the CAB should be liable for a greater amount of damages than the surety. At most the surety's liability to these plaintiffs under the regulations would have been $105,120. (219 × $480).

Under these circumstances the state class certification order is insufficient to establish the Lurias' authority to present an administrative claim on behalf of others similarly situated, and because their administrative claim is defective this court lacks subject matter jurisdiction over the suit, 28 U.S.C. § 2675(a).

█ Plaintiffs cross-move for leave to file a valid administrative claim, but the motion cannot be granted because to do so more than two years after the claim accrued would be to extend the government's limited waiver of its sovereign immunity beyond the two-year period Congress has specified in 28 U.S.C. § 2401(b).

"The United States, as sovereign, is immune from suit save as it consents to be sued, . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Sherwood*, 312 U.S. 584, 586–87, 61 S.Ct. 767, 669–70, 85 L.Ed. 1058 (1941) (citations omitted). Since the plaintiffs have not complied with the administrative regulations which are prerequisites to suit under the FTCA, the suit is dismissed under Rule 12(b)(1), Fed.R.Civ.P. and the cross-motion is denied.[9]

It is so ordered.

---

9. The dismissal of the complaint makes it unnecessary to consider the merits of defendants' motion for summary judgment.