OPINION OF THE COURT
Arnold Guy Fraiman, J.
By this motion plaintiffs seek an order pursuant to CPLR 902 determining that this litigation may proceed as a class action. Defendant City of New York cross-moves for an order dismissing the complaint insofar as it purports to be filed on behalf of a class, by reason of the failure of each of the members of the putative class to comply with section 50-i of the General Municipal Law.
Plaintiffs are four individual residents of the Chelsea section of Manhattan and the Chelsea Coalition on Housing (the Coalition), an unincorporated public interest *673 group. On July 8, 1981, Pier 58, owned by the city and located at the foot of West 16th Street on the Hudson River, caught fire. The conflagration lasted for several days and allegedly covered the area with a pall of thick, irritating smoke and noxious fumes. The individual plaintiffs allege that they suffered personal injuries and property damage as a result of the allegedly toxic smoke and fumes. Their physical reactions allegedly included itching, rashes, eye irritation and respiratory difficulties. The class which plaintiffs seek to certify includes all persons who, while residing in or present in the area of the city bounded by 34th Street on the north, Fifth Avenue on the east, Houston Street on the south, and the Hudson River on the west, suffered harm, injury or damage as a result of the negligent acts and omissions of the city in connection with the fire.
The motion for certification is denied on two grounds. First, CPLR 901 requires that five prerequisites be met before class certification may be granted. Included among these is the requirement that questions of law or fact common to the class predominate over any questions affecting only individual members. While the question of the city’s negligence in connection with the fire would be common to the class, the more troublesome questions of causation and damages would still have to be adjudicated on a case-by-case basis even if class action status were granted. On the other hand, the issue of negligence, if determined adversely to the city, would not necessarily have to be retried in each subsequent action because of the availability of the doctrine of collateral estoppel. (Rosenfeld v Robins Co., 63 AD2d 11, app dsmd 46 NY2d 731; see, also, Food Pageant v Consolidated Edison Co., 54 NY2d 167.) Accordingly, no purpose would be served by treating this case as a class action.
A second ground for denial of class action status is that contained in the city’s cross motion. Section 50-i of the General Municipal Law provides that before a personal injury action may be commenced against the city, a notice of claim must be filed containing the name of each claimant. The purpose of this requirement is to afford the city an opportunity to investigate each claim and, if appropriate, *674 to settle it without the expense and hazard of litigation. (Salesian Soc. v Village of Ellenville, 41 NY2d 521, 524.) Obviously, this purpose is frustrated by a class action involving potentially hundreds of thousands of unknown claimants living in the geographic bounds of the intended class in this action.
While the court has found no case dealing with the specific question of whether a class action for personal injuries may be .maintained against the city under the General Municipal Law where each member of the class is not specifically identified by name, analogous cases have been found involving the Federal Tort Claims Act (US Code, tit 28, § 2675, subd [a]). That act provides that no action shall be maintained against the United States for personal injury or property damage unless a claim has first been made to the appropriate Federal agency. As in the case of section 50-i, the purpose of this provision is to facilitate settlement of cases. (Caidin v United States, 564 F2d 284, 286.) On the issue of whether a class action may be maintained under the Federal Tort Claims Act, the Federal courts have uniformly held that if the purpose of the Tort Claims Act is to be achieved, such an action may be brought only if an individual notice of claim is filed by each putative member of the class or the class claim names each of the individual claimants. (Lunsford v United States, 570 F2d 221; Kantor v Kahn, 463 F Supp 1160; Luria v Civil Aeronautics Bd., 473 F Supp 242.) The court finds the reasoning of these cases persuasive, and equally applicable to section 50-i of the General Municipal Law.
Plaintiffs seek to obviate this pitfall by suggesting that as each member of the class in the instant case comes forward, an application can be made to the court under subdivision 5 of section 50-e of the General Municipal Law for leave to serve a late notice of claim. However, any such application would be unavailing in this case because an application to serve a late notice of claim must be made before the Statute of Limitations on the cause of action has run. (Pierson v City of New York, 56 NY2d 950.) Since an action against the city must be commenced within one year and 90 days after the cause of action has accrued, and the *675 fire in the instant case occurred in July, 1981, the statute has already expired, and no applications for leave to file a late notice of claim could therefore be granted.
For all the foregoing reasons, the motion for class action status is denied.