FRANK STELLEMA, on Behalf of Himself and All Others Similarly Situated, Appellant-Respondent, v VANTAGE PRESS, INC., et al., Respondents-Appellants.

First Department, August 1, 1985

**APPEARANCES OF COUNSEL**

*Barry G. Saretsky* of counsel (*Bower & Gardner,* attorneys), for respondents-appellants.

*Arthur J. Jacobs* (*Thomas A. Dickerson* and *Donald S. Engel* of counsel), for appellant-respondent.

### OPINION OF THE COURT

FEIN, J.

The limited issue on this appeal is whether Special Term, by its order entered June 5, 1984, properly modified the order of Justice Nathaniel Helman, entered March 9, 1978, certifying this action as a class action (affirmed by this court on Justice Helman's opinion, 66 AD2d 669, *appeal dismissed* 47 NY2d 882).

Justice Helman's order defined the class and directed an "opt-out" procedure. The careful opinion determined both of the issues which are now before us. The complaint alleged that defendants fraudulently misrepresented defendant Vantage as a publisher, and that the Vantage contract and brochure given to each author prior to the execution of the agreement with Vantage contained representations that Vantage was a publisher and a "subsidy publisher" which would provide editorial assistance and publishing services and the use of advertising, radio and television as part of its publishing program, that its books were advertised and available in book stores, and that it invested in each book and promoted its sale. It was further alleged that the authors paid the full amount of publication costs under the Vantage "subsidy" plan, and that Vantage had no editing, distribution or marketing practices or policies. Plainly, the complaint alleged fraudulent misrepresentation.

Plaintiff was held to have a right to assert, on behalf of a class, that were it not for the representation by Vantage that it was a publisher with the facilities and programs alleged, the authors would not have paid substantial publication fees based on the program represented. The class was defined as consisting of authors who made these agreements and paid fees to Vantage for publication of their works, over a period of six years prior to commencement of the action. The class was to be limited to those who had received the contract and brochure and similar written material, consisting of some 2,400 to 3,600 persons who paid a fee or fees to Vantage. The defendants, opposing certification, urged that proof of reliance was essential in common-law fraud actions, and was required to be proved individually in every fraud action for common-law fraud; hence, that certification was inappropriate.

Justice Helman compared *Guadagno v Diamond Tours & Travel* (89 Misc 2d 697) and *Strauss v Long Is. Sports* (60 AD2d 501) in making the determination that class action certification was appropriate. In *Guadagno* (*supra*), the complaint alleged that the defendants had made fraudulent representations in

connection with the sale of travel tours largely relating to the accommodations offered. It was plain that persons purchasing the tours would necessarily be relying upon such representations. Hence, class certification was appropriate.

However, in *Strauss* (*supra*), class action certification was sought by one who had purchased a season ticket upon the basis that the New York Nets basketball team had widely advertised and represented that the Nets star player, Julius Erving ("Dr. J."), would play for the season. As it turned out, the Nets traded "Dr. J." to another team before the season began. The court, in denying class action certification, pointed out that there are patently a variety of reasons why people purchase season tickets for basketball games, including business reasons, the fact that the Nets had just won the league championship, and other considerations. It could not be presumed that a sufficient number of season ticket holders purchased them in reliance upon this representation, concerning "Dr. J.", so as to warrant class action certification.

■ Justice Helman concluded that class action certification was appropriate here on grounds similar to travel charter cases such as *Guadagno* (*supra*). The representations here were uniform and were generally transmitted in two documents in which Vantage represented that it was a publisher with the facilities described. Plaintiff and other authors, as a class, had a right to assert that had it not been for such representations, they would not have paid substantial publication fees. As noted, this court affirmed (66 AD2d 699, *supra*). Thus, the issue is foreclosed unless intervening circumstances have demonstrated valid reasons why the class should be decertified, which was the issue tendered to Special Term on this appeal (CPLR 902; *Friar v Vanguard Holding Corp.*, 78 AD2d 83, 100). No such circumstances have been demonstrated. As Special Term concluded, the mere fact that the named plaintiff has indicated in a deposition that he did not read all of the representations in the brochure and contract and did not rely upon all of them is not a sufficient reason for decertifying the class. However, this provided no basis to justify Special Term's determination that, although the class would not be decertified, each member of the class would have to prove reliance and damages. That question was tendered and argued before Justice Helman and upon the prior appeal. It is now foreclosed. We are now really faced with a belated reargument application. Moreover, the portion of the brochure not read is totally immaterial to the real misrepresentation issue.

The effect of Special Term's order is to defeat the purpose of the class action. It would negate this as a class action. Since reliance is an essential element in every fraud action (*see, Green v Wolf Corp.*, 406 F2d 291, 301, *cert denied* 395 US 977), no reason appears why the trial court cannot make a determination as to the measure and extent of proof required on that issue. It is premature and inappropriate to make such a determination at this juncture. The matter is one of case management for the Trial Judge who should not be limited by the order of Special Term or by any order made by us on this issue. Otherwise, the only common issue left would be the falsity of defendants' representations, which would hardly predominate over individual questions of reliance and damages.

Reliance is palpably an issue in every fraud case, including class actions (*King v Club Med*, 76 AD2d 123; *Strauss v Long Is. Sports, supra; Katz v NVF Co.*, 100 AD2d 470; *Guadagno v Diamond Tours & Travel, supra*). However, once it has been determined that the representations alleged, if made, are material and actionable if false, and thus sufficient to warrant certification, the issue of reliance may be presumed. What remains is the order and quantity of proof, plainly matters for case management by the Trial Judge. If so-called minitrials are necessary on this issue, the Trial Judge may so direct. (*See,* 3B Moore, Federal Practice ¶ 23.45 [2], at 23-761 — 23-764 [1977]; *Green v Wolf Corp., supra.*) Obviously, defendants may come forward with such proof as they may have on the issue of reliance in this case, as well as on any other issue.

No Trial Justice has and should have the same scope in determining proof problems as in any fraud case, both with respect to burden of proof and damages. Procedures and methods of proof are singularly the province of the Trial Justice.

■ Similarly, there was no basis for the determination by Special Term changing the "opt-out" procedure, directed by Justice Helman and affirmed by this court, to an "opt-in" procedure upon the ground that there was no jurisdiction over nonresident class members. Whatever the merits of the jurisdictional question in other cases, the issue is simply neither open nor appropriate, at this juncture, in this case.

Paragraph 20 of the form agreement provides as follows: "Regardless of the place of physical execution of this agreement, or of its delivery, it shall be treated as though executed within the State of New York and shall be governed and interpreted according to the laws of that State; and the legal tribunals of the State of New York shall be the sole forum for resolving any

questions or disputes or matters arising out of or pertaining to this contract." Plainly that provision intends that suit be brought against defendants only in the courts of New York. In reliance upon that provision, defendants have had judgment dismissing the complaint in other jurisdictions and charging the plaintiffs there with the defendants' attorney's fees and printing costs for a "frivolous" appeal from an order finding that provision precluded an action in any other jurisdiction than New York. (*Furbee v Vantage Press,* 464 F2d 835, 837.) In the face of that judgment and that provision in the contract, defendants should not be heard to challenge, at this late date, New York State's exercise of jurisdiction over nonresident class members in this action.

Moreover, this court affirmed the 1978 order of Justice Helman providing for an "opt-out" procedure. Nothing in the intervening years respecting this case requires a departure from that determination. The issue is now foreclosed.

Accordingly, it is unnecessary to determine in this case the unresolved issue with regard to jurisdiction in class actions over nonresidents. The prior decisions in this court have plainly demonstrated a sound determination not to reach the issue unless it is essential to a determination in a particular case. This is in accord with the well-settled principle that constitutional issues should not be decided unless essential to a determination of the issue (*People v Felix,* 58 NY2d 156, 161, *appeal dismissed* 464 US 802).

We need not reach that problem here. We have a seven-year-old order which provides for the "opt-out" procedure. We have a contract which requires litigation to be brought only in New York. We have a decision favoring the defendants requiring that such actions be brought only in New York. No circumstances have occurred which require us at this stage to change that order.

Accordingly, the resettled order of the Supreme Court, New York County (Evans, J.), entered June 5, 1984, directing that the class may not include any persons not residents of New York State as of the date of the commencement of the action unless such persons opt into the class, and directing that each class member is required individually to prove reliance and damages alleged to result from claimed misrepresentations, should be modified, on the law, with costs, to strike those parts of the order that exclude from the class nonresidents of this State who do not opt into the class and direct each class member individually to prove reliance and damages, and otherwise affirmed.

KUPFERMAN, J. P., SANDLER and MILONAS, JJ., concur.

Resettled order of the Supreme Court, New York County, entered on June 5, 1984, unanimously modified, on the law, to strike those parts of the order that exclude from the class nonresidents of this State who do not opt into the class and direct each class member individually to prove reliance and damages, and otherwise affirmed. Plaintiff-appellant-respondent shall recover of defendants-respondents-appellants $50 costs and disbursements of these cross appeals.